[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14227
Non-Argument Calendar
_____

Agency No. A206-384-050

MOLIERE LUNDY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 23, 2018)

Before TJOFLAT, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Moliere Lundy, proceeding *pro se*, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which denied his applications for asylum[1] and withholding of removal.[2] We deny his petition because we lack jurisdiction over the controlling issue.

Lundy is a native and citizen of Haiti. In proceedings before an immigration judge ("IJ"), Lundy was ordered removed from the United States for entering the country without inspection. In an effort to avoid removal, Lundy filed applications for asylum and withholding of removal on the basis of political persecution he allegedly suffered in Haiti. Specifically, Lundy testified that members of a group called "Ti Pistol" beat him after he refused to participate in a political protest. In the weeks that followed, he testified, the Ti Pistol members murdered his mother and destroyed his brother's business. Lundy claims he fled to the United States to escape them.

The IJ, however, did not credit his testimony. The IJ was not persuaded that Ti Pistol members would chase Lundy around Haiti, kill his mother, and destroy his brother's business because he refused to participate in a single protest. The IJ

---

[1] Immigration and Nationality Act ("INA") § 208, 8 U.S.C. § 1158.

[2] INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).

2

further observed that Lundy failed to produce any documents to corroborate his story.[3]  The documents and statements that Lundy did provide made no mention of harm to him or his family.  Lastly, the IJ noted that Lundy had not reported any of the alleged incidents with Ti Pistol to Haitian police.  The IJ therefore denied Lundy's applications for asylum and withholding of removal because he failed to carry his burden of proof.  *See* Immigration and Nationality Act ("INA") § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i); INA § 241(b)(3)(C), 8 U.S.C. § 1231(b)(3)(C).

Lundy, represented by counsel, appealed the IJ's decision to the BIA but did not challenge the refusal to credit his testimony.  He instead proceeded as if his testimony had been credited and argued that the testimony sufficiently established a "well-founded fear that he would be targeted for harm or suffering."  Indeed, in his brief to the BIA, Lundy did not make a single argument as to how the IJ erred in refusing to credit his testimony.[4]  Recognizing this, the BIA stated that Lundy

---

[3] The INA states: "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts."  INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii).  An IJ has the power to demand evidence to corroborate "otherwise credible testimony," unless "the applicant does not have the evidence and cannot reasonable obtain the evidence." *Id.*

[4] In his notice of appeal, Lundy stated: "The Immigration Judge ("IJ") erred when he denied respondent's application for asylum and for withholding of removal where the respondents [sic] met his burden of proof and showed a well-founded fear of past and future persecution if returned to Haiti."  In other words, Lundy challenged the sufficiency of the evidence rather than the refusal of the IJ to credit his testimony.

did "not meaningfully challenge the Immigration Judge's adverse credibility finding" and therefore refused to "disturb that finding."

Now, on appeal to this Court, Lundy argues that the IJ erred in refusing to credit his testimony. But we lack jurisdiction to review a claim that has not been exhausted before the BIA. INA § 242(d)(1); 8 U.S.C. § 1252(d)(1); *see Amaya-Artunduaga v. U.S. Attorney Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) ("[I]f an alien fails to challenge an adverse credibility determination in his appeal to the BIA, we lack jurisdiction to consider such a challenge in his petition for review."). Since Lundy did not challenge the adverse credibility determination before the BIA, we are without jurisdiction to consider that challenge in his petition for review. Lundy therefore cannot prevail on his applications for asylum or withholding of removal because his testimony was not credited and he has not produced any other evidence of persecution.

**PETITION DENIED.**

4